(No. 3863— )

THE BORDEN CO., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1944.*

LATHROP W. HULL, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The claimant seeks an award in the sum of One Hundred Eighty-four Dollars and Eight Cents ($184.08), for a refund which it inadvertently paid to the Division of Foods and Dairies, Department of Agriculture, of the State of Illinois.

The record consists of the complaint, filed on June 30, 1944, which is duly verified; bill of particulars on behalf of claimant; report of the Division of Foods and Dairies, Department of Agriculture; waiver of right to present evidence; testimony and oral argument on behalf of claimant; and waiver of its right to file brief.

The record shows that claimant is a New Jersey corporation and is duly licensed to do, and is doing business, in the State of Illinois, engaged in the business of manufacturing, selling and distributing dairy food products and various articles of food for human and animal consumption in various states of the Union, including this State.

The complaint further alleges that during the six months period, commencing January 1, 1943, and ending June 30, 1943, claimant sold in the State of Illinois, among other food products, some concentrated commercial feeding products known as "Flaydry," "Flaydry 400-D," and "Hopro," in the amounts as follows: "Flaydry"—1414½ tons; "Flaydry 400-D"—85¼ tons; "Hopro"—341-3/20 tons.

It further alleges that pursuant to the requirements and provisions of Section 53.168, subsection 8 of the Statute of the State of Illinois, relating to food (Jones Ill. Stats. Ann., Vol. 10), claimant paid to the treasurer of the State of Illinois a license fee of $25.00 for the year 1943 for each of said trade named products, and was duly issued and received licenses or certificates from the Department of Agriculture of the State of Illinois. That on or about the 15th day of July, 1943, claimant procured from the Department of Agriculture, Division of Foods and Dairies of the State of Illinois, a license to sell the above named commercial food stuffs and submitted to said Department a report in the form of an affidavit and statement, together with claimant's check for $198.92, in payment of a license fee of $1.00 for each and every brand of such feed stuffs, and inadvertently included "Flaydry," "Flaydry 400-D" and "Hopro," and a further license fee of ten cents per ton on 1988 plus tons of such feeding stuff sold by claimant in this State during

the period of January 1, 1943, to June 30, 1943, inclusive, and thereafter claimant was issued and received such license in the form of a receipted duplicate report, affidavit and statement, as more specifically appears from the photostatic copy of said report, marked Exhibit B and made a part of the complaint, which was an overpayment inasmuch as claimant had previously paid a license fee amounting to $25.00 each on said products.

The report of the Division of Foods and Dairies, Department of Agriculture, above referred to, in paragraph 3 states:

"It further appears from the records of the Division of Foods and Dairies, Department of Agriculture, that during the month of July, 1943, the claimant included the tonnage of the above described concentrated commercial feeding stuffs in a feed tonnage report made to said Division of Foods and Dairies, Department of Agriculture, and paid thereon in error a tonnage tax in the amount of $184.08. The check received in payment of this tonnage tax was deposited to the credit of the Treasurer of the State of Illinois by said Division of Foods and Dairies, and said over-payment was not discovered until the check had cleared and been paid."

Paragraph 7 of said report is as follows:

"It would appear that the facts submitted by the claimant are substantiated by the records of the Division of Foods and Dairies, Department of Agriculture and, further, that the claimant is entitled to refund of the sum of $184.08 which has been paid to the Treasurer of the State of Illinois in error."

It clearly appears from the record in this case that the money for which claim is made was paid to a Division of the State as the result of a mistake of fact and is the property of claimant.

This court has repeatedly held that where a claimant makes a payment to the respondent in excess of that lawfully due, made under mistake of fact, may be recovered. *Eureka-Maryland Assurance Corporation* vs. *State*, 12 C. C. R., 418. *Preisel* vs. *State*, 12 C. C. R. 320.

An award is therefore entered in favor of claimant the Borden Company, a corporation, as a refund, in the sum of. One Hundred Eighty-four Dollars and Eight Cents ($184.08).